## UNITED STATES FIDELITY & GUARANTY CO. v. ROBERTS MARBLE CO.

### No. 1105.

Court of Civil Appeals of Texas. Waco.

Feb. 18, 1932.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellant.

Clark & Clark and Percival Rice, all of Dallas, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant on a surety bond which appellant had signed for one of the employees of appellee. Appellee claimed that said employee was short in his account about $1,500. Appellee owned and operated a marble yard in Dallas, and maintained a branch office at Amarillo. Frank Coffee, Jr., was in charge of the Amarillo office. Coffee would take orders for tombstones and notify the Dallas office thereof, and Coffee would collect both the cash and deferred payments. It is for alleged shortage on the part of Frank Coffee, Jr., this suit was instituted.

The cause was tried to the court, and resulted in judgment being entered for appellee for $1,451.55. Outside of the documentary evidence, the only witness who testified was Mr. Hyland, the general bookkeeper and accountant for appellee at Dallas. The only evidence showing that Mr. Coffee sold any of the tombstones involved in the account was the purported written orders signed by the supposed purchasers and countersigned by Coffee. The only evidence tending to show a shortage in the account was a number of letters written by Mr. Hyland to various parties stating to each of them in substance that the books of appellee showed each of them had purchased from and was indebted to appellee a certain stated amount for a tombstone, and requesting each party to respond as to whether said account was correct. About fifteen of these parties responded, each stating that he had purchased a tombstone from appellee, but that the book account was not correct; that, in addition to the amount shown by the books to have been paid, they had paid additional amounts totaling the said sum of $1,451.55.

Mr. Hyland stated that he knew nothing about any of the sales being made; that he did not know whether any of the orders had been signed by the purported purchasers; that he did not know the amount any of the parties were to pay for the tombstones except as shown by said written orders, and knew nothing about how much had been paid except as shown by the letter which he had received from each of the purported parties; that he did not know whether the letters were signed by the persons whose name was attached thereto; that he arrived at the shortage of Mr. Coffee's account by ascertaining the amount Coffee had remitted or accounted for and the amount said parties claimed in said letters to have paid.

Appellant objected to the introduction of the alleged written orders made by the purported purchasers, and also objected to the introduction of the letters which appellee received from said parties, on the ground that same were hearsay, and because the execution of said instruments had not been properly shown, and further objected to the introduction of the reply letters on the ground same were ex parte statements, and that it was not a legal or proper method to prove that said parties had paid to Mr. Coffee any of the claimed shortage. Appellant assigns error to the court's action in permitting this testimony to be offered in evidence. We sustain these assignments. Said testimony was clearly hearsay, and was ex parte statements made by the respective purported purchasers, and could not be binding in any way upon Mr. Coffee; neither could they be used as a basis for establishing any shortage in his account. The rule is so well settled that this character of testimony is not admissible in evidence that the citation of authorities is unnecessary. Without said documentary testimony, there is no evidence to support the trial court's judgment.

The judgment of the trial court is reversed, and the cause remanded.